CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 5 2011

JULIA C. DUDLEY CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC JOSEPH DEPAOLA, | ) | Civil Action No. 7:10cv00398 |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING REPORT |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| BRADLEY TAYLOR, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Eric Joseph DePaola, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, and alleges that the defendants used excessive force against him, failed to protect him, verbally abused him, and misused ambulatory restraints on him. The defendants have filed motions for summary judgment. DePaola requests a jury trial. The court referred the matter to United States Magistrate Judge Pamela Meade Sargent for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has filed a report, finding that there are questions of material fact as to whether defendants Dutton and Mullins used excessive force against DePaola on September 14, 2009 and whether defendant Taylor failed to protect DePaola from that use of excessive force; that DePaola failed to properly exhaust his claims related to the use of ambulatory restraints before filing this action; and that there are no issues of material fact as to DePaola's remaining claims. Accordingly, the Magistrate Judge recommends that the court grant in part and deny in part defendants' motions for summary judgment. DePaola filed a vague objection to the Report and Recommendation, taking issue with the Magistrate Judge's general conclusions. Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record de novo in accordance with § 636(b)(1), the court agrees with the Magistrate Judge's recommendation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1) DePaola's objection to the Report and Recommendation (Docket No. 52) are **OVERRULED**;

2) the Magistrate Judge's Report and Recommendation (Docket No. 51) is **ADOPTED** in its entirety;

3) DePaola's claim regarding the use of ambulatory restraints is **DISMISSED without prejudice** as unexhausted, pursuant to 42 U.S.C. 1997(e)(a);

4) Defendants Adams, Dutton, Fleming, M. Mullins, S. Mullins, Stanley, and Taylor's motions for summary judgment (Docket Nos. 25 and 34) are **GRANTED in part and DENIED in part** (granted as to all claims against defendants Adams, Fleming, S. Mullins, and Stanley, denied as to the excessive force claim against defendants Dutton and M. Mullins and the failure to protect claim against defendant Taylor);

5) Defendants Phipps, Ramey, Ray, and Roberts' motion for summary judgment (Docket No. 39) is **GRANTED**; and

6) the Clerk is directed to **TERMINATE** Fleming, S. Mullins, Adams, Stanley, Ray. Ramey, Phipps, and Roberts as defendants to this action. Accordingly, the only claims and defendants remaining are: an excessive force claim on September 14, 2009 against defendants Dutton and M. Mullins and a failure to protect claim against defendant Taylor.

7) The Clerk is further **DIRECTED** to set this matter for a trial before a seven-member jury in the **Big Stone Gap Division**.

The Clerk of the Court is directed to send copies of this Order to the parties.

**ENTER**: This 25th day of July, 2011.

_____
United States District Judge